UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN D. TRANK,

                Plaintiff,

    v.                                           **DECISION AND ORDER**
                                                      15-CV-195S
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1.      Plaintiff Brian D. Trank challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since August 1, 2011, due to spinal impairment, depression, lower back pain, herniated discs, bulging discs, and pinched nerves. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

2.      Plaintiff filed an application for disability benefits on March 31, 2012. The Commissioner denied his application on July 19, 2012. Five days later, Plaintiff timely filed a written request for hearing. Thereafter, ALJ David Lewandowski held a hearing on July 8, 2013. The ALJ considered the case *de novo* and determined on September 16, 2013, that Plaintiff was not disabled under the Act. On January 2, 2015, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current action challenging the ALJ's decision on March 3, 2015.[1]

---

[1] The ALJ's September 16, 2013 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3.      On July 14, 2015, Plaintiff filed a Motion for Judgment on the Pleadings, seeking reversal of the Commissioner's final decision. (Docket No. 7).  On September 18, 2015, Defendant filed her own Motion for Judgment on the Pleadings, asking this Court to affirm her decision.  (Docket No. 10).  After full briefing, this Court took the motions under advisement without oral argument.  For the following reasons, Defendant's motion is granted and Plaintiff's is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); see also Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is evidence that amounts to "more than a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v.

Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the

> claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; see also Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460 (1983).

9. Here, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since August 1, 2011, the alleged onset date (R. at 21);[2] (2) Plaintiff's "severe impairments" are degenerative disc disease of the lower back and left shoulder impingement (Id.); (3) Plaintiff's impairments do not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 22); (4) Plaintiff has the residual functional capacity to perform medium work, as defined in 20 C.F.R.

---

[2] Citations to the underlying administrative record are designated as "R."

4

404.1567(c) (R. at 23); (5) Plaintiff is not capable of performing his past work as a bus driver (R. at 26, 27).

The ALJ also made alternative findings at Step Five.  The ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in the national economy that Plaintiff can also perform. (R. at 27).  Ultimately, the ALJ determined that Plaintiff was not disabled, as defined by the Act, from August 1, 2011, through the date of his decision.  (R. at 28).

10. Plaintiff's first challenge is to the ALJ's residual functional capacity finding. Specifically, Plaintiff argues that the ALJ failed to make a function-by-function assessment of Plaintiff's ability to perform medium work and improperly interpreted medical data.  This failure, Plaintiff argues, renders the ALJ's RFC finding unsupported by substantial evidence, thereby requiring remand.

11. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. See 20 C.F.R. § 416.967(c).  If a claimant can do medium work, it is assumed that he or she can also do sedentary and light work. Id.  The ALJ identified additional limitations specific to Plaintiff, which included no overhead activities with his upper-left extremity and no work involving hazards or driving.  (R. at 23).  In reviewing the ALJ's decision in light of Plaintiff's contentions, this Court finds that substantial evidence supports the determination that Plaintiff retained the ability to perform the physical requirements of medium work.

12. First, as Plaintiff concedes, the Second Circuit has not yet determined whether non-compliance with S.S.R. 96-8p requires remand. The Second Circuit noted

in Cichocki v. Astrue that "[w]e have not yet declared whether an ALJ's failure to conduct an explicit function-by-function analysis at Step Four regarding the numerous illustrative functions listed in paragraphs (b), (c), and (d) [of 20 C.F.R. §§ 404.1545 and 416.945] is a *per se* error requiring remand." 729 F.2d 12, 176-77 (2d Cir. 2013). Yet the court went on to note that "[a]dopting a *per se* rule that these functions must be explicitly addressed on pain of remand (no matter how irrelevant or uncontested in the circumstances of a particular case) would thus not necessarily ensure that all relevant functions are considered." Id. at 177. The court declared that "[a]ny such rule in this Circuit, moreover, would put us at odds with sister Circuits who have recognized that an ALJ need not expressly discuss a claimant's capacity to perform each work-related function before classifying the claimant's RFC in exertional terms." Id.

13. Even assuming *arguendo* that the ALJ should have made a function-by-function assessment of Plaintiff's abilities, this Court is satisfied that the ALJ sufficiently discussed and considered Plaintiff's relevant physical limitations without interpreting raw medical data. See Wheeler v. Comm'r of Social Sec., No. 11-CV-965A, 2013 WL 2458778, at *7 (W.D.N.Y. June 6, 2013) (emphasis added) ("With regard to physical limitations, [S.S.R. 96-8p] means the ALJ must make a function by function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, *or* crouch."); see also §§ 404.1569a(a), 416.969a(a).

14. For example, the ALJ considered Plaintiff's ability to stand and walk when he noted Plaintiff's June 2012 examination in which "[Plaintiff] appeared to be in no acute distress and exhibited a normal gait. He was able to walk on heels and toes with some pain and he performed a full squat." (R. at 23). Also, Plaintiff's "stance was

normal and he used no assistive devices. He was able to rise from the chair without difficulty and needed no help getting on and off the examination table." Id. Furthermore, the ALJ found "no showing that [Plaintiff's] back impairment involves nerve root compression or spinal stenosis resulting in the inability to ambulate effectively." Id.

In addition, the ALJ discussed Plaintiff's ability to reach when he noted "there is no showing that [Plaintiff's] shoulder impairment results in the inability to perform gross and fine movements effectively." Id. The ALJ determined that Plaintiff can frequently perform postural activities and occasionally perform reaching, but no overhead activities with his upper-left extremity. Id.

15. Thus, in this Court's view, the ALJ adequately discussed and considered Plaintiff's relevant limitations. What this Court must consider is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence. See Cichocki, 729 F.2d at 177. After a review of the parties' arguments, the evidence of record, and relevant case law, this Court finds that the ALJ was not required to conduct a function-by-function analysis. Id. And, in any event, the ALJ discussed and considered a majority of the relevant physical limitations to arrive at Plaintiff's RFC. Furthermore, this Court is able to glean the ALJ's rationale in relation to the evidence in the record. Id. (noting that where the court is "unable to fathom the ALJ's rationale in relation to evidence in the record," the court will not "hesitate to remand for further findings or a clearer explanation for the decision.") (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)). Accordingly, Plaintiff is not entitled to remand on this ground.

16. Plaintiff next challenges the ALJ's decision to assign Plaintiff's treating physician, Dr. Nelson, "little if any significant weight." (R. at 26). Specifically, Plaintiff argues that Dr. Nelson's opinions provide detailed information regarding Plaintiff's limitations. This Court finds, however, that the ALJ's determination that Dr. Nelson's assessments are unsupported and overemphasize Plaintiff's subjective complaints is supported by the record.

17. "An ALJ who does not give the treating physician's medical opinion controlling weight must provide 'good reasons' for that decision and explain the factors that were applied to determine the amount of weight given to the opinion." Murphy v. Barnhart, No. 00Civ.9621(JSR)(FM), 2003 WL 470572, at *7 (S.D.N.Y. Jan. 21, 2003); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The treating-physician rule provides that an ALJ should defer "'to the views of the treating physician who has engaged in the primary treatment of the claimant.'" See Cole v. Colvin, No. 13-CV-6258-FPG, 2015 WL 1393160, at *10 (W.D.N.Y. Mar. 25, 2015) (quoting Green–Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)); see also 20 C.F.R. § 404.1527(c)(2); S.S.R. 96–2P; Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).

A treating physician's opinion as to the nature and severity of a claimant's impairment is given controlling weight by the Commissioner, if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [Plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2); see also S.S.R. 96–2p; Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008). But "[a] treating physician's statement that the claimant is disabled cannot itself be determinative." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). Furthermore, the

ALJ is not required to give controlling weight to a treating physician's opinion as to whether Plaintiff meets the statutory definition of disability. See Murphy, 2003 WL 470572, at *7. Only where "the ALJ fails to apply the correct standard in weighing a treating physician's opinion and fails to give good reasons for rejecting the opinion" will remand be appropriate. Id. (citing Schaal v. Apfel, 134 F.3d 496, 506).

18.  Here, the ALJ sufficiently explained his reasons for rejecting Dr. Nelson's opinion. In a June 2012 medical-source statement completed by Dr. Nelson, he limited Plaintiff to sitting a total of three hours in an 8-hour work day, at 15-minute intervals. (R. at 26). Dr. Nelson also limited Plaintiff to standing or walking for a maximum of only three hours in an 8-hour work day, at 30-minute intervals. Id. Dr. Nelson also found that Plaintiff could lift "no more than five pounds occasionally and precluded [Plaintiff] from any stooping and indicated that reaching, handling, and pushing/pulling activities were affected by [Plaintiff's] impairment." Id. Dr. Nelson also found that Plaintiff's restrictions had existed and persisted since October 2010. Id.

As the ALJ noted, Dr. Nelson's opinion that Plaintiff can lift no more than 5 pounds conflicts with Plaintiff's May 2012 report that he can lift up to 25 pounds, and is seemingly inconsistent with Dr. Nelson's report that Plaintiff is able to care for his two young children. Id. The ALJ also correctly noted that before June 2012, Dr. Nelson maintained that Plaintiff was disabled from only his job as a bus driver, but then inexplicably opined that Plaintiff had been totally disabled since October 2010. Id. There is thus a basis in the record for the ALJ's determination that Dr. Nelson's opinions are unsupported and inconsistent with the evidence in its totality. As such, this Court finds that the ALJ applied the correct legal standards in weighing Dr. Nelson's opinion

and provided sufficient reasons for rejecting that opinion. Plaintiff, therefore, is not entitled to remand on this ground.

19. Finally, Plaintiff challenges the ALJ's credibility determination. Specifically, Plaintiff argues that the ALJ should have reconciled any perceived inconsistencies between the record and Plaintiff's testimony. Plaintiff's argument is unpersuasive.

Credibility determinations are generally reserved to the Commissioner, not the reviewing court. See Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); see also Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982). Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings. See Snell, 177 F.3d at 135. The Commissioner has established a two-step process to evaluate a claimant's testimony regarding his or her symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant. Second, if the ALJ determines that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility.

Matejka v. Barnhart, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005); see also 20 C.F.R. § 404.1529.

20. Here, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (R. at 25).

10

But because of objective medical evidence that conflicts with Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms, the ALJ determined that Plaintiff's statements were not credible. This Court finds no error in that assessment.

The ALJ noted several inconsistencies that undermined Plaintiff's overall credibility. First, despite Plaintiff's complaints of numbness in his right leg, an EMG study conducted on Plaintiff in September 2011 "was normal and does not support [Plaintiff's] report of right leg numbness." Id. Second, in Plaintiff's May 8, 2012 function report, he claimed to need help getting on and off the toilet. Id. Three days later, Plaintiff reported to Dr. Nelson that his bilateral leg pains were getting worse. Id. Yet a little over a month later, Dr. Balderman observed Plaintiff perform a full squat, rise from a chair without difficulty, and get on and off the examination table unassisted. Id. Finally, Plaintiff's statements regarding pain were further discredited by his admission that he played horseshoes, which would be inconsistent with his claimed physical ailments. Id.

21. An ALJ "may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" Lewis v. Apfel, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting Gallardo v. Apfel, No. 96 CIV 9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)). This Court's review of the ALJ's determination in light of the record as a whole reveals that the ALJ's credibility assessment was performed in accordance with this guidance.

22. The ALJ conducted a thorough examination of the treatment records, treating source opinions, and other medical evidence. This Court is satisfied that the ALJ applied the proper legal standards in his credibility analysis and that there is substantial evidence to support the ALJ's determination that Plaintiff's impairments do not preclude him from performing medium exertional work. Accordingly, Plaintiff is not entitled to reversal or remand on this ground.

23. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: October 3, 2016
       Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge